confin[ing] an inferior court to a lawful exercise of its prescribed jurisdiction" *Roche* v. *Evaporated Milk Assn.,* 319 U. S. 21, 26 (1943), for respondent's action would fall into the category of "usurpation of power" against which mandamus is classically available. *De Beers Mines, Ltd.* v. *United States,* 325 U. S. 212, 217 (1945).

Over and beyond these factors, which govern availability of mandamus in private litigation, this case raises issues involving the "delicate area of federal-state relations," *Will* v. *United States, supra,* at 95, in which mandamus must be more readily available in other civil litigations. *Ibid.; Maryland* v. *Soper, supra,* at 29. And, perhaps most importantly of all, the Court of Appeals indicated in its opinion, *In re Estelle,* 516 F. 2d 480, 487 n. 5 (1975), that intervention by the United States in situations similar to that presented here has been authorized by a number of District Courts in the Fifth Circuit. There is good reason to believe, therefore, that orders such as those entered by respondent in this case will be entered by other District Judges in that Circuit in the future. If this be an improper exercise of their authority, the prospect of its being repeated makes mandamus particularly appropriate. *La Buy* v. *Howes Leather Co.,* 352 U. S. 249 (1957).

I would grant the writ of certiorari.

No. 75–6300. GARDUNO *v.* CALIFORNIA. Ct. App. Cal., 4th App. Dist. Certiorari denied. MR. JUSTICE BRENNAN and MR. JUSTICE MARSHALL would grant certiorari.

No. 75–6155. HICKS *v.* UNITED STATES, 425 U. S. 953;

No. 75–6325. DAWN, DBA GAME CO. *v.* STERLING DRUG, INC., ET AL., 425 U. S. 942; and

No. 75–6397. LYON *v.* CALIFORNIA, 425 U. S. 962. Petitions for rehearing denied.